(C.D. 2942)

ACE IMPORT CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 5, 1967)

*Siegel, Mandell & Davidson* for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The merchandise covered by the instant protest consists of battery-operated Christmas trees which were classified by the then collector of customs as household articles, not specially provided for, composed wholly or in chief value of base metal, within the provisions of paragraph 339 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and,

accordingly, assessed with duty at the rate of 18 per centum ad valorem.

It is the claim of plaintiff that said merchandise is dutiable at only 13¾ per centum ad valorem as articles having as an essential feature an electrical element or device pursuant to the provisions of paragraph 353 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

The protest has been submitted for decision upon a written stipulation of counsel for the respective parties hereto which reads as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "B" and checked JOB by Commodity Specialist J. O'Brien on the invoices covered by the protest enumerated above, and assessed with duty at 18 per centum ad valorem under the provisions of paragraph 339, Tariff Act of 1930, as modified, consist of battery-operated Christmas trees with blinking lights which contain as an essential feature an electrical element or device, which are claimed dutiable at 13¾ per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified.

That said merchandise is not an illuminating or lighting fixture or lamp, nor does it contain any electrical heating elements as constituent parts thereof.

That the protest be deemed submitted on this stipulation, and that it be limited to the items marked with the letter "B", as aforesaid, and abandoned as to all other items and claims.

Upon the agreed statement of facts, we hold the merchandise here in question, identified by invoice items marked and checked as aforesaid, to be dutiable at the rate of 13¾ per centum ad valorem as articles having as an essential feature an electrical element or device as provided in said paragraph 353, as modified by the Torquay protocol, *supra*. To the extent indicated, the specified claim in the protest is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.